IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VELMA HETLER                                                                                  PLAINTIFF

v.                                    CASE NO.        12-2103

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff, according to the Defendant, filed her applications for SSI on July 10, 2009, alleging an onset date of June 1, 2008, due to plaintiff's COPD (ECF No. 12, p.1)[2]. Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on December 14, 2010. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] The court has looked for but been unable to locate the actual application in the record.

At the time of the administrative hearing, plaintiff was 41 years of age and possessed a 9th grade education. . The Plaintiff had past relevant work ("PRW") experience as a dishwasher, housekeeper, and poultry worker. (T. 51).

On December 14, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's COPD did not meet or equal any Appendix 1 listing. T. 13. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to light work with additional restrictions. T. 14. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as waiter/waitress, office helper, and cashier. T. 18.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

The ALJ determined that the Plaintiff had the RFC to perform light work except that the "claimant is to avoid even moderate exposure to extreme temperatures, dusts, fumes, gases, odors, and poor ventilation. (T. 14)

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all

relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The Plaintiff's contends that the ALJ committed error in determining her RFC as follows:

**A. Development of the Record**

The ALJ ordered a consultive physical exam which was performed by APN Pham-Russell on October 5, 2009(T. 99) which indicated that Plaintiff had normal breath sounds, and no prolonged expiration or wheezing (Tr. 100). Examination revealed normal range of motion (Tr. 101). With respect to limb function, Plaintiff was able to hold a pen and write; touch fingertips to

palm; oppose thumb to fingers; pick up a coin; stand/walk without assistive devices; walk on heels and toes; and squat/arise from a squatting position (Tr. 100). Plaintiff's grip strength was estimated at 100% on both the right and left (Tr. 100). The October 5, 2009, report specified a diagnosis of tobacco abuse and COPD by history (Tr. 101-102).  The October 5, 2009, report concluded that Plaintiff reported that she had COPD, but she continued to smoke when she could afford it (Tr. 102).  The ALJ also obtained a Physical RFC which was performed by Jerry Thomas, M.D. on November 23, 2009.  His opinion was reviewed by Dr. Alice M. Davidson, M.D., on March 30, 2010.

      The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). "The need for medical evidence, however, does not require the [Commissioner] to produce additional evidence not already within the record. '[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.' " Howard v. Massanari, 255 F.3d 577, 581 (8th Cir.2001) (quoting Frankl v. Shalala, 47 F.3d 935, 937–38 (8th Cir.1995)) (alterations in original).  *See also Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir. 2001) (ALJ need not order additional examinations if there is substantial evidence in the record to make an informed decision).

      There was nothing in the Plaintiff's medical records from any treating physician that contradicted any of the opinions of the consultive opinions.  There is no bright line rule

indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court believes that the ALJ did not commit any error by failing to further develop the record.

**B. Credibility**

The Plaintiff also contends that the ALJ erred in his assessment of the Plaintiff's credibility. The Plaintiff complained that her pain was "severe" and that it was located "all over and especially my lungs" (T. 59) and that her condition was getting worse. (T. 60). In her function report she indicated that her condition affected her lifting, walking, stair climbing and ability to complete tasks. (T. 66). The Plaintiff testified at her hearing that she could no longer drive to the store because she was "scared of having a breathing attack" (T. 163) and when she did go to the store she rode in a cart. (T. 164). She claimed that her son did the cooking and her daughter the house cleaning (Id.) and that she had to be on oxygen 18-20 hours a day. (T. 165).

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). The ALJ found that the Plaintiff's medically determinable COPD could reasonably be expected to cause the alleged symptoms, however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC (T. 15).

The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and examining physicians relating to 1) the claimant's daily activities; 2)

the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Casey*, 503 F.3d at 695 (8th Cir.2007) (citing *Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). The ALJ may discount subjective complaints when they are inconsistent with the evidence as a whole. Id. (citing Polaski, 739 F.2d at 1322). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

**1. Work History:**

The ALJ noted that the Plaintiff's earnings record from 1988 reflected 1988 earnings of $460.00, no earning in 1999 and 2000, and less than $200.00 in 2001and that her earnings have never exceeded $5000.00 for any year. (T. 160)[3]. The Plaintiff acknowledged there was no impairment that hindered her earnings during those years but that her "husband worked and I didn't have to."  She also acknowledged that her husband has also filed for disability. (Id.). *See Wildman v. Astrue,* 596 F.3d 959, 968-69 (8th Cir. 2010) (ALJ may consider a claimant's sporadic work history when determining credibility).

**2. Continuing to Abuse Tobacco**

The ALJ also considered the Plaintiff's continuous abuse of tobacco after being advised to stop smoking. (T. 16).  The Plaintiff was first diagnosed with COPD by her treating physician, Dr. Carney, on October 1, 2007.  He noted that she smokes 1 ½ to 2 packs of cigarettes a day and

---

[3]The Plaintiff actually earned $7565.05 in 1994 and $7919.30 in 1995 (T. 35).

he prescribed an Albuterol[4] Inhalation solution. (T. 145). In June2008 the Plaintiff was seen Shortness of Breath, coughing, and congestion and was counseled about smoking (T. 144) and no medication was prescribed (T. 143).  In May 2009 she was agin see at Pro Med for cough and congestion, was counseled again about smoking (T. 142) and nothing was prescribed.  The medical records reflect that the Plaintiff stated that she had been smoking 20 years. (T. 141). The Plaintiff was seen agin at ProMed in December 2009 for sob, cough, and congestion and under the Dx she was "encouraged to stop" smoking. (T. 140).  She was prescribed Proair which is an Albuterol Inhaler. (T. 139). In October 2010 she was seen again at ProMed for sob, cough, and congestion.  Her social history still reflected that she was smoking. (T. 137).  She was again counseled about smoking cessation (T. 138) and was prescribed Albuterol.

An ALJ may properly consider the claimant's noncompliance with a treating physician's directions in assessing credibility. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility."). *See also Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir.1997) (impairments that are controllable or amenable to treatment, including certain respiratory problems, do not support a finding of disability, and failure to follow a prescribed course of remedial treatment, including the cessation of smoking, without good reason is grounds for denying an application for benefits).

### 3. Plaintiff's Misrepresentations of Facts:

The ALJ also noted that the Plaintiff had inconsistent testimony when compared with the

---

[4]Albuterol is a bronchodilator that relaxes muscles in the airways and increases air flow to the lungs. Albuterol inhalation is used to treat or prevent bronchospasm in people with reversible obstructive airway disease. See www.drugs.com.

application process. (T. 16). He also noted that the Plaintiff testified that she had to be on oxygen 18-20 hours but no medical provider prescribed oxygen for her (Id.). The Plaintiff also represented on her Disability Report that she completed December 7, 2009 that oxygen has been prescribed by Dr. Carney. (T. 46). The medical records do not disclose that Dr. Carney every prescribed oxygen for the Plaintiff. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. *See Hutton v. Apfel, 175 F. 3d 651 at 655 citing Spradling*, 126 F.3d at 1075.*See Pirtle v. Astrue,* 479 F.3d 931, 935 (8th Cir. 2007) (claimant made inconsistent reports of her activities of daily living).

### 4. Activities of Daily Living

The ALJ also considered the Plaintiff Activities of Daily Living. The ALJ found that the Plaintiff testified that she is still able to perform many activities including bathing, dressing, and grooming unassisted. (T. 16). She reported in March of 2010 that she was able to sweep and mop floors, do dishes, do laundry, care for the family pet, shop in stores, manage her finances, prepare meals and help care for her children. (Exhibit 4E; T. 61-68).

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *See Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). The court finds that the ALJ properly evaluated and discounted the credibility of the Plaintiff.

## C. RFC Function:

The Agency consultive physician, Dr. Thomas, M.D., provided a Physical RFC Assessment on November 23, 2009 which determined that the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and that she could stand and/or walk and sit for 6 hours in an

8 hour work day. (T. 106). Dr. Thomas did find that the Plaintiff would be subject to environmental limitations and that she should avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc. (T. 109). Dr. Thomas had the medical records from the physical examination performed by APN Pham-Russell and the Plaintiff's medical records. He also had examination performed by the Fort Smith Lung Center on October 2, 2009 (T. 95). Dr. Thomas' opinion was reviewed and affirmed by Dr. Davidson on March 30, 2010. (T. 116).

The ALJ noted that no treating physician had place any limitations on the Plaintiff because of her COPD. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir.2003) (observing that none of the plaintiff's treating physicians offered an opinion that the plaintiff was disabled or made any statement or recommendation that he was unable to work at an SGA level). Plaintiff has provided no contrary RFC assessment by another physician, treating or otherwise. Thus, the ALJ had an adequate medical basis to find Plaintiff had the RFC to perform a wide range of light work with environmental restrictions. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir.2005) (concluding that one consulting physician's RFC assessment supported the ALJ's RFC finding when none of the claimant's treating physicians opined she was unable to work); *See also Moore v. Astrue* 572 F.3d 520, 523 -524 (C.A.8 (Ark.),2009)

It also appears that the Plaintiff's COPD was always treated conservatively by providing an inhaler. *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain).

The ALJ bears "the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010). In this case the court finds that the ALJ properly evaluated and rated the Plaintiff's RFC.

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this May 6, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE